Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza
Newark, New Jersey  07102-5490
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Celgene Corporation*

William J. O'Shaughnessy
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
(973) 639-2094
woshaughnessy@mccarter.com

*Attorneys for Plaintiffs*
*Novartis Pharmaceuticals Corporation*
*and Novartis Pharma AG*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, | ) ) ) ) Civil Action No. _____ |
| Plaintiffs, | ) ) COMPLAINT FOR PATENT ) INFRINGEMENT |
| v. | ) ) (Filed Electronically) |
| KV PHARMACEUTICAL COMPANY, | ) ) |
| Defendant. | ) ) |

Plaintiffs Celgene Corporation ("Celgene"), Novartis Pharmaceuticals Corporation and

Novartis Pharma AG (together, "Novartis") (collectively, "Plaintiffs"), by their attorneys, for

their Complaint against Defendant KV Pharmaceutical Company ("KV") allege as follows:

## Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. § 100, *et seq.*, arising from Defendant's filing of an Abbreviated New Drug

Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking

approval to market a generic version of Novartis' patented FOCALIN XR® drug products prior

to the expiration of Celgene's United States Patent Nos. 5,908,850 (the "'850 patent"), 6,355,656

(the "'656 patent"), 6,528,530 (the "'530 patent"), 5,837,284 (the "1998 '284 patent"), 6,635,284

(the "2003 '284 patent"), and 7,431,944 (the "'944 patent"), all of which cover the FOCALIN

XR® products or their use.

## The Parties

2.      Plaintiff Celgene Corporation is a corporation organized and existing under the

laws of the State of Delaware, having a principal place of business at 86 Morris Avenue,

Summit, New Jersey  07901.

3.      Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and

existing under the laws of the State of Delaware, having a principal place of business at 59 Route

10, East Hanover, New Jersey  07936.

4.      Plaintiff Novartis Pharma AG is a corporation organized and existing under the

laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel,

Switzerland.

5.      Defendant KV Pharmaceutical Company is a corporation organized and existing

under the laws of the State of Delaware, having a principal place of business at 2503 South

Hanley Road, St. Louis, Missouri 63144.  Upon information and belief, KV is registered to do

business in New Jersey and maintains a registered agent in New Jersey for the receipt of service

of process at Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

6.      Upon information and belief, KV is in the business of manufacturing, distributing, and selling generic pharmaceutical products, which are copies of products invented and developed by innovator pharmaceutical companies.

## Jurisdiction and Venue

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over KV because, upon information and belief: i) KV is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products; ii) KV directly, or through its subsidiaries, agents and/or alter-egos, manufactures, distributes, markets and sells generic drugs throughout the United States and in this judicial district; iii) KV purposefully has conducted and continues to conduct business, directly, and/or through its subsidiaries, agents and/or alter-egos in this judicial district, and this judicial district is a likely destination of KV's Proposed Products (as defined in Paragraph 18, below); and iv) KV retains a registered agent in this judicial district. In addition, KV has previously submitted to the jurisdiction of this Court in a lawsuit brought by Plaintiffs relating to the manufacture of a generic version of RITALIN LA® (*Celgene Corporation, et al. v. KV Pharmaceutical Company*, Civil Action No. 07-04819 (D.N.J.)).

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## The Patents-in-Suit and the FOCALIN XR® Drug Products

10.      The '850 patent, entitled "Method of Treating Attention Deficit Disorders With D-Threo Methylphenidate," duly and legally issued to Celgene on June 1, 1999, by the United States Patent and Trademark Office ("PTO").  A copy of the '850 patent is attached hereto as

Exhibit A.  The '850 patent includes claims directed to methods of treatment using *d-threo* methylphenidate.

11.     The '656 patent, entitled "Phenidate Drug Formulations Having Diminished Abuse Potential," originally duly and legally issued to Celgene on March 12, 2002, by the PTO. An *Ex Parte* Reexamination Certificate, which amended certain claims of the '656 patent and added new claims, issued on March 27, 2007 by the PTO.  Copies of the '656 patent and the *Ex Parte* Reexamination Certificate for the '656 patent are attached hereto as Exhibit B.  The '656 patent claims are directed to, *e.g.*, pharmaceutical unit dosages of *d-threo* methylphenidate.

12.     The '530 patent, entitled "Phenidate Drug Formulations Having Diminished Abuse Potential," duly and legally issued to Celgene on March 4, 2003 by the PTO.  A copy of the '530 patent is attached hereto as Exhibit C.  The '530 patent claims are directed to pharmaceutical unit dosages that include pharmaceutical compositions of *d-threo* methylphenidate.

13.     The 1998 '284 patent, entitled "Delivery of Multiple Doses of Medications," duly and legally issued to Celgene on November 17, 1998 by the PTO.  A copy of the 1998 '284 patent is attached hereto as Exhibit D.  The 1998 '284 patent includes claims directed to extended release dosage forms of methylphenidate drug products.

14.     The 2003 '284 patent, entitled "Delivery of Multiple Doses of Medications," duly and legally issued to Celgene on October 21, 2003 by the PTO.  A copy of the 2003 '284 patent is attached hereto as Exhibit E.  The 2003 '284 patent includes claims directed to an extended release dosage form and claims directed to a method of treating disease with certain extended release dosage forms.

15.     The '944 patent, entitled "Delivery of Multiple Doses of Medications," duly and legally issued to Celgene on October 7, 2008 by the PTO.  A copy of the '944 patent is attached hereto as Exhibit F.  The '944 patent includes claims directed to dosage forms for oral administration of a methylphenidate drug.

16.     Celgene is the owner by assignment of all right, title and interest in the '850 patent, the '656 patent, the '530 patent, the 1998 '284 patent, the 2003 '284 patent, and the '944 patent (collectively referred to herein as the "Patents-in-Suit").  Novartis Pharma AG is the exclusive licensee, in certain fields of use, of the Patents-in-Suit.

17.     Novartis Pharmaceuticals Corporation holds an approved New Drug Application for extended release capsules of 5 mg, 10 mg, 15 mg, and 20 mg, of the hydrochloride salt of *d-threo*-methylphenidate, also known as dexmethylphenidate hydrochloride, which it sells as commercial products under the trade name FOCALIN XR®.  These commercial products or their use are covered by one or more claims of the Patents-in-Suit.

### Acts Giving Rise To This Action

18.     KV prepared and filed with the FDA, pursuant to 21 U.S.C. § 355(j), ANDA No. 90-730 to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of extended release dexmethylphenidate hydrochloride capsules 10 mg, 15 mg, and 20 mg (these generic capsules are collectively referred to herein as "KV's Proposed Products") prior to the expiration of the Patents-in-Suit.

19.     In connection with the filing of its ANDA as described in the preceding paragraph, KV provided written certification to the FDA, as called for by 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), alleging that the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the activities described in KV's ANDA.

20.     By letter dated October 24, 2008, KV notified Celgene and Novartis ("the October 2008 Notification Letter"), that it had filed with the FDA ANDA No. 90-730, including its Paragraph IV Certification, to obtain FDA approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of extended release dexmethylphenidate hydrochloride capsules 10 mg, 15 mg, and 20 mg.

21.     By letter dated November 17, 2008, KV notified Celgene and Novartis ("the November 2008 Notification Letter"), that ANDA No. 90-730 was amended to include a reference to the '944 patent.

22.     Upon information and belief, if ANDA No. 90-730 is approved, it is the intention of KV to commercially manufacture, use, offer for sale, sell and import into the United States KV's Proposed Products.

23.     Upon information and belief, KV's ANDA No. 90-730 contains information showing that KV's Proposed Products (a) are bioequivalent to the patented FOCALIN XR® products; (b) have the same active ingredient as the patented FOCALIN XR® products; (c) have the same route of administration and strength as the patented FOCALIN XR® products; and (d) have the same, or substantially the same, dosage form and proposed labeling, and the same indication and usage, as the patented FOCALIN XR® products.

24.     This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) before the expiration of forty-five days from the date of receipt by Plaintiffs of the October 2008 Notification Letter and the November 2008 Notification Letter.

### Count I:  KV's Filing of the ANDA Infringes the '850 Patent.

25.     Plaintiffs repeat and reallege the allegations of paragraphs 1-24 as though fully set forth herein.

26.     KV's submission of ANDA No. 90-730 to the FDA, including its Paragraph IV Certification, to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '850 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

27.     Unless enjoined by this Court, KV, upon FDA approval of ANDA No. 90-730, will infringe the '850 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing into the United States KV's Proposed Products.

28.     Plaintiffs will be substantially and irreparably damaged and harmed if KV's infringement of the '850 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law for this infringement.

**Count II:  KV's Filing of the ANDA Infringes the '656 Patent.**

29.     Plaintiffs repeat and reallege the allegations of paragraphs 1-28 as though fully set forth herein.

30.     KV's submission of ANDA No. 90-730 to the FDA, including its Paragraph IV Certification, to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '656 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

31.     Unless enjoined by this Court, KV, upon FDA approval of ANDA No. 90-730, will infringe the '656 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing into the United States KV's Proposed Products.

32.     Plaintiffs will be substantially and irreparably damaged and harmed if KV's infringement of the '656 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law for this infringement.

**Count III:  KV's Filing of the ANDA Infringes the '530 Patent.**

33.     Plaintiffs repeat and reallege the allegations of paragraphs 1-32 as though fully set forth herein.

34.     KV's submission of ANDA No. 90-730 to the FDA, including its Paragraph IV Certification, to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '530 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

35.     Unless enjoined by this Court, KV, upon FDA approval of ANDA No. 90-730, will infringe the '530 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing into the United States KV's Proposed Products.

36.     Plaintiffs will be substantially and irreparably damaged and harmed if KV's infringement of the '530 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law for this infringement.

**Count IV:  KV's Filing of the ANDA Infringes the 1998 '284 Patent.**

37.     Plaintiffs repeat and reallege the allegations of paragraphs 1-36 as though fully set forth herein.

38.     KV's submission of ANDA No. 90-730 to the FDA, including its Paragraph IV Certification, to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the

1998 '284 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

39.     Unless enjoined by this Court, KV, upon FDA approval of ANDA No. 90-730, will infringe the 1998 '284 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing into the United States KV's Proposed Products.

40.     Plaintiffs will be substantially and irreparably damaged and harmed if KV's infringement of the 1998 '284 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law for this infringement.

### Count V:  KV's Filing of the ANDA Infringes the 2003 '284 Patent.

41.     Plaintiffs repeat and reallege the allegations of paragraphs 1-40 as though fully set forth herein.

42.     KV's submission of ANDA No. 90-730 to the FDA, including its Paragraph IV Certification, to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the 2003 '284 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

43.     Unless enjoined by this Court, KV, upon FDA approval of ANDA No. 90-730, will infringe the 2003 '284 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing into the United States KV's Proposed Products.

44.     Plaintiffs will be substantially and irreparably damaged and harmed if KV's infringement of the 2003 '284 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law for this infringement.

### Count VI:  KV's Filing of the ANDA Infringes the '944 Patent.

45.     Plaintiffs repeat and reallege the allegations of paragraphs 1-44 as though fully set forth herein.

46.     KV's submission of ANDA No. 90-730 to the FDA, including its Paragraph IV Certification, to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '944 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

47.     Unless enjoined by this Court, KV, upon FDA approval of ANDA No. 90-730, will infringe the '944 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing into the United States KV's Proposed Products.

48.     Plaintiffs will be substantially and irreparably damaged and harmed if KV's infringement of the '944 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law for this infringement.

### Prayer For Relief

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     A Judgment that KV has infringed one or more claims of the '850 patent;

(B)     A Judgment that KV has infringed one or more claims of the '656 patent;

(C)     A Judgment that KV has infringed one or more claims of the '530 patent;

(D)     A Judgment that KV has infringed one or more claims of the 1998 '284 patent;

(E)     A Judgment that KV has infringed one or more claims of the 2003 '284 patent;

(F)     A Judgment that KV has infringed one or more claims of the '944 patent;

(G)     An Order that the effective date of any FDA approval of ANDA No. 90-730 be a

date which is not earlier than the later of the expiration of the '850 patent, or any expiration of exclusivity to which Plaintiffs are or become entitled;

(H)    An Order that the effective date of any FDA approval of ANDA No. 90-730 be a date which is not earlier than the later of the expiration of the '656 patent, or any expiration of exclusivity to which Plaintiffs are or become entitled;

(I)    An Order that the effective date of any FDA approval of ANDA No. 90-730 be a date which is not earlier than the later of the expiration of the '530 patent, or any expiration of exclusivity to which Plaintiffs are or become entitled;

(J)    An Order that the effective date of any FDA approval of ANDA No. 90-730 be a date which is not earlier than the later of the expiration of the 1998 '284 patent, or any expiration of exclusivity to which Plaintiffs are or become entitled;

(K)    An Order that the effective date of any FDA approval of ANDA No. 90-730 be a date which is not earlier than the later of the expiration of the 2003 '284 patent, or any expiration of exclusivity to which Plaintiffs are or become entitled;

(L)    An Order that the effective date of any FDA approval of ANDA No. 90-730 be a date which is not earlier than the later of the expiration of the '944 patent, or any expiration of exclusivity to which Plaintiffs are or become entitled;

(M)    Preliminary and permanent injunctions enjoining KV and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing into the United States KV's Proposed Products until after the expiration of the '850 patent;

(N)    Preliminary and permanent injunctions enjoining KV and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using,

offering to sell, selling, or importing into the United States KV's Proposed Products until after the expiration of the '656 patent;

(O)     Preliminary and permanent injunctions enjoining KV and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing into the United States KV's Proposed Products until after the expiration of the '530 patent;

(P)     Preliminary and permanent injunctions enjoining KV and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing into the United States KV's Proposed Products until after the expiration of the 1998 '284 patent;

(Q)     Preliminary and permanent injunctions enjoining KV and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing into the United States KV's Proposed Products until after the expiration of the 2003 '284 patent;

(R)     Preliminary and permanent injunctions enjoining KV and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing into the United States KV's Proposed Products until after the expiration of the '944 patent;

(S)     A declaration that the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products will directly infringe or induce and/or contribute to infringement of the '850 patent;

(T)     A declaration that the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products will directly infringe or induce

and/or contribute to infringement of the '656 patent;

(U)     A declaration that the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products will directly infringe or induce and/or contribute to infringement of the '530 patent;

(V)     A declaration that the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products will directly infringe or induce and/or contribute to infringement of the 1998 '284 patent;

(W)     A declaration that the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products will directly infringe or induce and/or contribute to infringement of the 2003 '284 patent;

(X)     A declaration that the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products will directly infringe or induce and/or contribute to infringement of the '944 patent;

(Y)     If KV engages in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '850 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(Z)     If KV engages in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '656 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(AA)   If KV engages in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '530

patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(BB)   If KV engages in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the 1998 '284 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(CC)   If KV engages in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the 2003 '284 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(DD)   If KV engages in the commercial manufacture, use, offer to sell, sale, or importation into the United States of KV's Proposed Products prior to the expiration of the '944 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(EE)   A Judgment that this is an exceptional case pursuant to 35 U.S.C. § § 271(e)(4) and 285, entitling Plaintiffs to their reasonable attorneys' fees;

(FF)   Costs and expenses in this action; and

(GG)   Such further and other relief as this Court may deem just and proper.

Dated: December 5, 2008                                  Respectfully submitted,

By: s/ William J. O'Shaughnessy            By: s/ Charles M. Lizza
    William J. O'Shaughnessy                  Charles M. Lizza
    MCCARTER & ENGLISH, LLP                   William C. Baton
    Four Gateway Center                       SAUL EWING LLP
    100 Mulberry Street                       One Riverfront Plaza
    Newark, New Jersey  07102                 Newark, New Jersey  07102-5490
    (973) 639-2094                            (973) 286-6700
    woshaughnessy@mccarter.com                clizza@saul.com

OF COUNSEL:

Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs*
*Novartis Pharmaceuticals Corporation*
*and Novartis Pharma AG*

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130-4096
(858) 314-1200
ljsavit@jonesday.com

Jason Winchester
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
(312) 782-3939
jgwinchester@jonesday.com

*Attorneys for Plaintiff*
*Celgene Corporation*

## <u>LOCAL CIVIL RULE 11.2 & 40.1 CERTIFICATION</u>

I hereby certify that the matters captioned: (1) *Celgene Corporation, et al. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 04-4030 (FLW)(TJB); (2) *Celgene Corporation, et al. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 06-6154 (FLW)(TJB); (3) *Celgene Corporation, et al. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 07-4459 (FLW)(TJB); (4) *Celgene Corporation, et al. v. IntelliPharmaCeutics, Corp*., Civil Action No. 07-4854 (FLW)(TJB); (5) *Celgene Corporation, et al. v. Actavis South Atlantic LLC, et al.*, Civil Action No. 07-5367 (FLW)(TJB), and (6) *Celgene Corporation, et al. v. Barr Laboratories, Inc.*, Civil Action No. 07-5552 (FLW)(TJB), all pending before the Honorable Freda L. Wolfson, are related to the matter in controversy because they involve the same plaintiffs and patents, and involve proposed generic versions of FOCALIN® and FOCALIN XR® drug products.

I also certify that the matters captioned *Celgene Corporation, et al. v. Abrika Pharmaceuticals, Inc., et al.*, Civil Action No. 06-5818 (SDW)(MCA); *Celgene Corporation, et al. v. KV Pharmaceutical Company*, Civil Action No. 07-4819 (SDW)(MCA); and *Celgene Corporation, et al. v. Barr Laboratories, Inc.*, Civil Action No. 07-5256 (SDW)(MCA) are related cases in that they involve two of the patents upon which this Complaint is based.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: December 5, 2008                                       Respectfully submitted,

By:  s/ William J. O'Shaughnessy                      By:  s/ Charles M. Lizza
     William J. O'Shaughnessy                             Charles M. Lizza
     MCCARTER & ENGLISH, LLP                               William C. Baton
     Four Gateway Center                                   SAUL EWING LLP
     100 Mulberry Street                                   One Riverfront Plaza
     Newark, New Jersey  07102                             Newark, New Jersey  07102-5490
     (973) 639-2094                                        (973) 286-6700
     woshaughnessy@mccarter.com                            clizza@saul.com

     OF COUNSEL:                                           OF COUNSEL:

     Henry J. Renk                                         Anthony M. Insogna
     Nicholas N. Kallas                                    Lester J. Savit
     FITZPATRICK, CELLA, HARPER & SCINTO                   JONES DAY
     30 Rockefeller Plaza                                  12265 El Camino Real, Suite 200
     New York, New York 10112                              San Diego, CA 92130-4096
     (212) 218-2100                                        (858) 314-1200
                                                           ljsavit@jonesday.com

     *Attorneys for Plaintiffs*
     *Novartis Pharmaceuticals Corporation*                Jason G. Winchester
     *and Novartis Pharma AG*                              JONES DAY
                                                           77 West Wacker
                                                           Chicago, IL 60601-1692
                                                           (312) 782-3939
                                                           jgwinchester@jonesday.com

                                                           *Attorneys for Plaintiff*
                                                           *Celgene Corporation*